**UNITED STATES of America, Plaintiff,**

**v.**

**Richard Lee TUCK CHONG, AKA "China" Defendant.**

**No. CR. 98–416 ACK.**

United States District Court, D. Hawaii.

Dec. 7, 1999.

Michael A. Weight, Office of the Federal Public Defenders, Honolulu, Marcia A. Morrissey, Santa Monica, CA, for Richard Lee Tuck Chong.

Larry L. Butrick, Office of the United States Attorney, Honolulu, HI, for U.S.

*ORDER DENYING DEFENDANT'S MOTION FOR AN ORDER THAT THIS CASE PROCEED ON A NON–CAPITAL BASIS, TO STRIKE THE § 924(j) ALLEGATION FROM COUNT THREE, AND TO STRIKE THE DEATH PENALTY NOTICE*

KAY, District Judge.

### DISCUSSION

On November 3, 1999, Defendant filed a Motion for an Order that this Case Proceed on a Non–Capital Basis, to Strike the § 924(j) Allegation from Count Three, and to Strike the Death Penalty Notice. The Government filed a Response on November 12, 1999. Defendant filed a Reply to the Government's Response on November 15, 1999. The Court hear oral argument on November 18, 1999, at 9:00 a.m.

Defendant essentially raises two arguments in his motion: First, the Government may not prosecute Defendant pursuant to § 924(j), and he is therefore not subject to the death penalty, because § 924(j) is limited to first degree murders committed within the special maritime and territorial jurisdiction of the United States; and second, because the State of Hawaii does not recognize the death penalty, the Tenth Amendment, the Equal Footing Doctrine, and the inviolable Sovereignty of the State of Hawaii prohibit imposing a sentence of death where the murder took place in the state of Hawaii.

The Court will consider each argument in turn.

**I** *Section 924(j) Is Not Limited to Murders Committed Within the Special Maritime and Territorial Jurisdiction of the United States*

██ Title 18 of the United States Code, Section 924(j) provides that a sentence of death may be imposed upon an offender who murders another through the use of a firearm in the course of a violation of § 924(c):

> A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall—(1) if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life . . . .

18 U.S.C. § 924(j).

Section 1111 defines the act of murder. This provision reads, in full:

> (a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnaping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, burglary, or robbery; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

> Any other murder is murder in the second degree.

> (b) Within the special maritime and territorial jurisdiction of the United States,

> Whoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life;

Whoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life.

*Id.* § 1111.

Defendant argues that § 924(j) incorporates § 1111 in its entirety, thus providing for the imposition of death only where the offender commits murder in the first degree within the special maritime and territorial jurisdiction of the United States. That is, Defendant suggests that in referring to murder as defined by § 1111, § 924(j) limits its jurisdiction to murders committed within the special maritime and territorial jurisdiction of the United States, as described by § 1111(b). Quite notably, Defendant cites no authority to support his position.

Defendant's argument is entirely without merit, based on the plain meaning of § 924(j). Section 924(j) adopts the *definition* of murder as provided by § 1111. Only subsection (a) defines murder. Subsection (b) does not define murder; rather, subsection (b) merely provides the penalties for murders committed within the special maritime and territorial jurisdiction of the United States. Section 924(j)(1) limits its § 1111 reference to the *definition of murder.* Because § 1111(b) contains no definition of murder, this negates any finding that § 924(j) incorporates § 1111 in its entirety. Section 924(j) is thus not limited to the jurisdiction described in 1111(b).

Moreover, Defendant's reading of § 924(j) would render the statute completely unnecessary. Federal courts already have jurisdiction over murders committed within the special maritime and territorial jurisdiction of the United States. Thus, there would be no need to proscribe gun and drug related murders in a separate statute since § 1111 would already prohibit those crimes. Accordingly, the Court denies Defendant's Motion to Strike the 924(j) Allegation.

## II *A Sentence of Death Does Not Violate State Sovereignty*

▇▇▇▇ Defendant next argues that the Government may not seek a sentence of death because Hawaii State law does not provide for the death penalty. Defendant argues that imposing a death sentence would violate Hawaii State sovereignty, the Tenth Amendment,[1] and the Equal Footing Doctrine.[2]

Defendant's argument presumes that the charged offense "is squarely within the jurisdiction of Hawaii." *See* Def's Mot. The Court finds Defendant's presumption erroneous for the reasons set forth in the Court's 11/09/99 Order Denying Defen-

---

1. The Tenth Amendment of the United States Constitution provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const., amend. X. This Court has already ruled that the murder of William Noa involved a legitimate federal interest under the Commerce Clause, in that drug trafficking is a commercial activity that affects interstate commerce and no firearms are manufactured in Hawaii. As such, the crime with which Defendant is charged is one of federal jurisdiction. Accordingly, no Tenth Amendment concern exists. Moreover, the Court's discussion of the dual sovereignty and pre-emption doctrines also disposes of Defendant's Tenth Amendment concerns.

2. Under the constitutional principle known as the "equal footing doctrine," all states are admitted to the Union with the same attrib-

utes of sovereignty (i.e., on equal footing) as the original 13 States. *See Minnesota v. Mille Lacs Band of Chippewa Indians*, 526 U.S. 172, 119 S.Ct. 1187, 143 L.Ed.2d 270 (1999). This doctrine prevents the Federal Government from impairing fundamental attributes of state sovereignty when it admits new States into the Union. Defendant argues that this doctrine is violated because it is by virtue of the equal footing doctrine that Hawaii has retained its sovereignty in the Tenth Amendment. The Court will not explicitly address this argument, as the Court's reasoning and holding assumes that Hawaii has the same attributes of sovereignty as the original 13 States; thus, this doctrine is not implicated. Moreover, because the Court finds that the Tenth Amendment and Hawaii state sovereignty are not violated, it follows that the equal footing doctrine is similarly not violated.

dant's Motion to Dismiss Count 3 of the Indictment, or, Alternatively to Strike the 924(j) Allegation. Defendant is charged with a federal capital crime, not a purely local offense outside federal jurisdiction. As such, the federal government has jurisdiction and may determine the appropriate sentence, independent of the State of Hawaii.

■ Defendant argues that the State of Hawaii did not delegate to the federal government the power to punish a criminal offender with the death penalty, and that the death penalty act contains no nexus with any power delegated to the federal government in the Constitution. Thus, Defendant contends that the implementation of the death penalty by the federal government violates the Tenth Amendment and Hawaii State sovereignty.

Defendant is incorrect, as his argument is based on the flawed premise that the federal government does not have the power under the United States Constitution to try and sentence crimes against the United States. This is simply untrue. Sentencing Defendant according to federal law for a federal crime neither violates Hawaii State sovereignty nor the Tenth Amendment, under the doctrine of dual sovereignty.

In *United States v. Davis*, 906 F.2d 829 (2nd Cir.1990), the Second Circuit explained the doctrine of dual sovereignty:

> One of the by-products of our nation's federal system is the doctrine of "dual sovereignty." ... This doctrine rests upon the basic structure of our polity. The states and the national government are distinct political communities, drawing their separate sovereign power from different sources, each from the organic law that established it. Each has the power, inherent in any sovereign, independently to determine what shall be an offense against its authority and to punish such offenses.

*Id.* at 832.

In this case, Defendant is charged, inter alia, with a violation of 18 U.S.C. § 924(j).

Section 924(j) is a federal offense, and as previously discussed, this Court has found such a violation to be linked to interstate commerce.

■ It is well established that a federal district court has jurisdiction to prosecute federal crimes. The Tenth Circuit recently rejected the argument that such jurisdiction is absent because the States are sovereign. *See United States v. Lampley*, 127 F.3d 1231, 1245–46 (10th Cir.1997), cert. denied, 522 U.S. 1137, 118 S.Ct. 1098, 140 L.Ed.2d 153 (1998). In finding that the federal court had original jurisdiction to prosecute crimes committed within the States, the court reasoned that "[t]he Supremacy Clause, the Civil War, the decisions of the Supreme Court, and acts of Congress make it clear that so long as there is a constitutionally authorized federal nexus, the federal government is free to act anywhere within the United States." *Id.* at 1246.

Thus, it is clear that in this case, the federal government has jurisdiction to prosecute Defendant, charged with a crime against the United States, in federal court. Moreover, the federal government has jurisdiction to determine the appropriate sentence under federal law. Congress determined that a sentence of death is available for a § 924(j) violation. According to the doctrine of dual sovereignty, the federal government has the power to provide for such a sentence, despite that the charged offense took place in a state that does not provide for a similar sentence. The federal government may, independent of the State of Hawaii, determine the appropriate punishment for a crime against the United States.

Thus, it is not necessary, as Defendant contends, that the State of Hawaii delegate such a power to the federal government, as the federal government rightly holds such power under the United States Constitution. According to the Tenth Amendment, any powers not delegated to the United

States by the Constitution, nor prohibited by it to the States, are reserved to the States. Here, the Constitution has delegated the power to determine what shall be an offense against its authority and to punish such offenses. Such a power is not reserved to the States.

 Moreover, under the Supremacy Clause of the United States Constitution, to any extent that State law conflicts with federal law, federal law preempts. *See* U.S. Const. Art. VI cl.2 ("This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."). Under the pre-emption doctrine, which has its roots in the Supremacy Clause, state law is nullified to the extent that it actually conflicts with federal law. *See Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 153, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). Such a conflict arises when "compliance with both federal and state regulations is a physical impossibility." *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–143, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963), or when state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress," *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941). Thus, to any extent that the sentence of death conflicts with Hawaii law, federal law governs.

Section 3596 of Title 18, which no court has declared unconstitutional, supports the principle that the federal government may pursue a sentence of death in a state that does not provide for such a sentence. This statute provides for the implementation of a sentence of death in the manner prescribed by the law of the state in which the sentence is imposed. If, however, the law of the state does not provide for implementation of a sentence of death, § 3596 mandates that "the court shall designate an-

other State, the law of which does provide for the implementation of a sentence of death, and the sentence shall be implemented in the latter State in the manner prescribed by such law." 18 U.S.C. § 3596(a). The statute clearly contemplates that the federal death penalty might be applied anywhere in the nation, although about one-fourth of the states do not authorize capital punishment. The statute thus provides for the implementation of a sentence of death by a federal court even where the state in which the federal court sits does not have such a sentence.

In sum, the offense with which Defendant is charged is a federal crime. This Court has previously found that § 924(j) does not exceed Congress' power under the Commerce Clause, and that federal jurisdiction exists in the instant case. Under the foregoing authorities, it is evident that the federal government, independent of the State of Hawaii, is within its power to determine the appropriate sentence for the crime charged. Accordingly, the Court will not strike the death penalty notice, as neither Hawaii State sovereignty, the Tenth Amendment, nor the Equal Footing Doctrine is threatened by the possibility of such a sentence.

## CONCLUSION

For these reasons, the Court hereby DENIES Defendant's Motion for an Order That this Case Proceed on a Non–Capital Basis, to Strike the § 924(j) Allegation from Count Three, and to Strike the Death Penalty Notice.

IT IS SO ORDERED.